**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Carolyn Jones, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4908 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company and Northland | ) | |
| Group, Inc., a Minnesota corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Carolyn Jones, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) parts of the acts and

transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Carolyn Jones ("Jones"), is a citizen of the State of

Massachusetts, from whom Defendants attempted to collect a delinquent consumer

debt owed for an MBNA credit card, which was then allegedly owed to a bad debt

buyer, Asset Acceptance. These collection actions took place despite the fact that she

had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset Acceptance"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including a call center in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site, attached as Exhibit A. In fact, Defendant Asset Acceptance was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset Acceptance is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit B. In fact, Defendant Asset Acceptance conducts extensive and substantial business in Illinois by collecting delinquent consumer debts from thousands of Illinois consumers via collection letters sent to Illinois, through collection phone calls made from its Illinois' call center and through thousands of collection lawsuits it files in Illinois' court system.

6. Defendant Asset Acceptance is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Defendant Asset Acceptance acts as a collection agency

2

in Illinois.

7.      Defendant Asset Acceptance is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Northland.

8.      Defendant, Northland Group, Inc. ("Northland"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Northland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.      Defendant Northland is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit D.  In fact, Defendant Northland conducts extensive and substantial business in Illinois.

10.      Defendant Northland is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit E.  In fact, Defendant Northland acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

11.      Ms. Jones is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed for an MBNA credit card.  At some point in time after that debt became delinquent, Defendant Asset Acceptance bought Ms. Jones' MBNA debt.  When Defendant Asset Acceptance began trying to collect this debt from her, by having another collection agency, Academy Collection

3

Service, send her initial collection letters, dated June 26, 2008 and July 3, 2008, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. Copies of these collection letters are attached as Exhibits F and G, respectively.

12.     Accordingly, on August 18, 2008, one of Ms. Jones' attorneys at LASPD informed Defendant Asset Acceptance, in writing, through its agent, Academy Collection, that Ms. Jones was represented by counsel, and directed Asset Acceptance to cease contacting her, and to cease all further collection activities because Ms. Jones was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit H.

13.     Defendant Asset Acceptance then demanded payment from Ms. Jones of the MBNA debt through another collection agency, FMS, which sent her an initial collection letter dated October 10, 2008. A copy of this letter is attached as Exhibit I.

14.     On November 20, 2008, Ms. Jones' attorneys at LASPD again informed Asset Acceptance, this time through FMS, that Ms. Jones demanded that it cease communications and cease collections. A copy of this letter is attached as Exhibit J.

15.     Nonetheless, despite being twice advised that Ms. Jones was represented by counsel and refused to pay the debt, Defendant Asset Acceptance had Defendant Northland send Ms. Jones a collection letter, dated September 29, 2009, which demanded payment of the MBNA debt. A copy of this letter is attached as Exhibit K.

16.     Accordingly, on October 26, 2009, Ms. Jones' attorneys at LASPD yet again informed Defendant Asset Acceptance, this time through Defendant Northland, that its must cease collections and cease communications. Copies of this letter and fax

confirmation are attached as Exhibit <u>L</u>.

17.    Defendants' collection actions complained of herein (Exhibit <u>K</u>) occurred within one year of the date of this Complaint.

18.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

19.    Plaintiff adopts and realleges ¶¶ 1-18.

20.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

21.    Here, the letters from Ms. Jones' agent, LASPD, told Defendants to cease communications and to cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

22.    Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

23.    Plaintiff adopts and realleges ¶¶ 1-18.

24.    Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

25.     Defendants knew, or readily could have known, that Ms. Jones was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Asset Acceptance, in writing, through its agents, that Ms. Jones was represented by counsel, and had demanded a cessation of communications with Ms. Jones.  By sending a collection letter to Ms. Jones, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

26.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Carolyn Jones, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Jones, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Carolyn Jones, demands trial by jury.

Carolyn Jones,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  August 4, 2010

6

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com